UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LUCRE, INC., a Michigan corporation

       Plaintiff,

  v.

MICHIGAN BELL TELEPHONE COMPANY, d/b/a SBC MICHIGAN, J. PETER LARK, ROBERT B. NELSON, and LAURA CHAPPELLE, Commissioners of the Michigan Public Service Commission (in their official capacities as Commissioners and not as individuals),

       Defendants.
_____/

Case No. 1:04-CV-497

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Plaintiff Lucre, Inc.'s Motion for Reconsideration pursuant to Western District of Michigan Local Civil Rule 7.4. Originally, Plaintiff sought this Court's review of the Michigan Public Service Commission's ("Commission") order dismissing Plaintiff's administrative complaint. Plaintiff argued before the Court that the Commission mistakenly ignored the plain meaning of Plaintiff's interconnection agreement with Defendant Michigan Bell Telephone Company ("Michigan Bell") and that the Commission's refusal to reopen and enlarge the record deprived Plaintiff of its due process rights. On October 12, 2005, the Court issued an Opinion and Judgment against Plaintiff wherein the Court found that the Commission's reading of the contract was neither arbitrary nor capricious and that Plaintiff received all the process it was due. Plaintiff's Motion for Reconsideration argues again that the plain meaning of the interconnection agreement supports its claim and that it was deprived due process.


"[M]otions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." W.D. MICH. LCIVR 7.4(a). The Court can deny Plaintiff's Motion on rote application of Local Rule 7.4(a) since Plaintiff's argument is simply a regurgitation of its prior filings; however, notwithstanding Local Rule 7.4(a), the Court will also deny Plaintiff's Motion as meritless.

Plaintiff mistakes the Court's Opinion as an endorsement of its plain meaning argument. The Court simply found Plaintiff's reading of the interconnection agreement possible, not that the agreement unmistakably compelled one conclusion or that its meaning was plain. Defendant Michigan Bell also proffered an entirely reasonable interpretation of the interconnection agreement and could have made an identical argument, *i.e.*, that its reading of the agreement was also plain.[1] The interconnection agreement suffered from obvious ambiguity and the Commission found Defendant Michigan Bell's version ultimately persuasive. The Commission also supported its decision by record evidence, and therefore, this Court cannot say its decision was either arbitrary or capricious, particularly given the fact that Plaintiff bore the burden of persuasion.

The Court is also convinced that Plaintiff was not deprived of procedural due process. Plaintiff does not have a constitutionally protected due process property interest to require the Commission to reopen the record. The Commission's authority to reopen and enlarge the record was entirely discretionary. It was up to the Commission to decide when further evidence needed to be received for a full and complete record or when it was in the public interest to receive further

---

[1] The Court finds this scenario to be the height of contractual ambiguity—two reasonable contractual alternatives—negating any contention that any one meaning is plain.

evidence because of changed conditions.[2]  Plaintiff had no expectation that the record would be reopened upon its request, and thus, a protected property interest is wanting since the Commission reserved that discretion to itself.  *Daniels v. Woodside*, 396 F.3d 730, 737 (6th Cir. 2005); *Sad v. I.N.S.*, 246 F.3d 811, 819 (6th Cir. 2001).  It is for these reasons and because of Local Rule 7.4(a) that Plaintiff's Motion must be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Lucre, Inc.'s Motion for Reconsideration (Dkt. No. 41) is **DENIED.**

|  |  |
|---|---|
| DATED in Kalamazoo, MI: | /s/ Richard Alan Enslen |
| December 2, 2005 | RICHARD ALAN ENSLEN |
|  | SENIOR UNITED STATES DISTRICT JUDGE |

---

[2] Nothing suggests, nor has Plaintiff argued, that it was not given the opportunity to present as much evidence as it wanted during its original hearing before the Commission.